DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Martin Whelan, appeals from the decision of the Cuyahoga Falls Municipal Court. We affirm.
 I. {¶ 2} The pertinent facts of this case are uncontested. In January 2003, the Summit County Court of Common Pleas issued an Order of Protection ("Order"), pursuant to R.C. 3113.31, in favor of Janet Whelan ("Janet"), which restricts the actions of Mr. Whelan. Among other things, the Order bars Mr. Whelan from being within 100 yards of Janet Whelan's presence, imposes upon Mr. Whelan the duty of avoiding locations where Janet Whelan may be, and instructs that in the event of an accidental encounter Mr. Whelan is to depart immediately. The Order is effective until January 2008.
 {¶ 3} On July 16, 2003, Mr. Whelan drove from his home to a local ice cream parlor. As he approached, Mr. Whelan observed Janet Whelan and her daughter exiting the ice cream parlor, so he continued driving. Rather than depart the location completely, Mr. Whelan circled the block and returned to the parlor. On this second approach, Mr. Whelan drove past Janet Whelan's car as she and her daughter were stopped in the intersection. Apparently, hand gestures were exchanged between the occupants of the two cars. There was no physical encounter, but Mr. Whelan was present within 100 yards of Janet.
 {¶ 4} Janet contacted the police. Pursuant to a bench trial, the Cuyahoga Falls Municipal Court convicted Mr. Whelan of one count of violating a protection order, in violation of R.C.2919.27, a first degree misdemeanor.
 {¶ 5} It is from this decision that Mr. Whelan appeals, asserting four assignments of error for review. We address his final assignment of error first and his remaining assignments of error together, to facilitate review.
 II. A. Fourth Assignment of Error
"The finding of guilt by the trial court was not supported by the evidence and was against the manifest weight of the evidence in that the appellant was not reckless in his actions on June 16, 2003 and therefore a finding of guilt was contrary to law."
 {¶ 6} In this fourth assignment of error, Mr. Whelan asserts that the trial court erred in convicting him of violating the Order, because the finding was against the manifest weight of the evidence. We disagree.
 {¶ 7} When a defendant asserts that the conviction is against the manifest weight of the evidence, appellate review is very limited:
"[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} R.C. 2919.27 says: "No person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to * * * [R.C.] 3113.31[.]" R.C. 2919.27(A)(1). Thus, the Cuyahoga Falls Municipal Court looked to the terms of the Summit County Court of Common Pleas' Order in ruling on Mr. Whelan's conduct.
 {¶ 9} In writing the Order against Mr. Whelan, the Summit County Court of Common Pleas documented several findings of fact: that Mr. Whelan had been monitoring Janet's whereabouts; that he had come to her place of employment despite her requests not to; that he sent her a letter advising of his intent to hurt and embarrass her; and that Janet was afraid. Based on these findings, the court constructed the Order that restricted Mr. Whelan from coming within 100 yards of Janet, even accidentally or with her permission. The obligation to comply is clearly on Mr. Whelan.
 {¶ 10} In ruling on the July 2003 incident, the Cuyahoga Falls Municipal Court articulated its basis:
"Further, [Mr. Whelan] is to stay beyond 100 yards of Janet Whelan or any place he knows or should know that she is likely to be. If there is accidental contact, [Mr. Whelan] is to depart immediately. In this case, [Mr. Whelan] knew that Janet Whelan was at [the ice cream parlor]. He testified that is the reason he went around the block. He knew the protected person was there, yet he went around the block in the direction that is her route home. He did not depart immediately in a completely different direction as is required by the protection order. Instead of departing, he crossed her path and made an offensive gesture in her direction. Based on that action, it would not be illogical for her to assume that he was continuing to follow her, therefore her basis for returning home to call the police." (Internal references omitted.)
Thus, the trial court articulated sufficient reasons to conclude that Mr. Whelan violated the Order, irrespective of the nature of the vulgar gesture. He was obligated to stay beyond 100 yards from Janet, yet his conduct demonstrates that he did not do so. Based upon our review of the record, the witness testimony, and the trial court's reasoning, we cannot conclude that the trial court clearly lost its way or created such a manifest miscarriage of justice that the conviction must be reversed. SeeOtten, 33 Ohio App.3d at 340.
 {¶ 11} Mr. Whelan's fourth assignment of error is overruled.
 B. First Assignment of Error
"The order of protection for janet whelan against appellant is unconstitutional on it's [sic] face as an impermissible prior restraint for the reason it is content-based and therefore the state may not make time, place, and manner restrictions because this type of speech is protected under the first amendment to the United States Constitution and the Ohio Constitution."
 Second Assignment of Error
"The gesture of pointing the middle finger made by the appellant, Martin Whelan, in the direction of his wife, Janet Whelan, did not amount to fighting words as defined by the Supreme Court of the United States, and this speech is protected under the First Amendment to the United States Constitution and the Ohio Constitution."
 Third Assignment of Error
"The gesture of pointing the middle finger made by the appellant, Martin Whelan, in the direction of his wife, Janet Whelan, was not obscene as defined by the supreme court of the united states, and this speech is protected under theFirst Amendment to the United States Constitution and the Ohio Constitution."
 {¶ 12} In his first, second, and third assignments of error, Mr. Whelan challenges the trial court's findings on the basis that his vulgar gesture was protected free speech. As explained above, this Court confirms the conviction based solely on Mr. Whelan's violation of the 100-yard restriction.
 {¶ 13} Because of our decision on Mr. Whelan's fourth assignment of error, it is unnecessary and would be inappropriate to address the first, second or third assignments of error. As such, they are rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 14} Mr. Whelan's fourth assignment of error is overruled. The remaining assignments of error are not addressed, as they have been rendered moot. The decision of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Boyle, J., concurs.